## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THERESA C. MULEGWA, | : | |
| Plaintiff, | : | C.A. No.: 06-030 |
| v. | : | |
| PERFECT CARE NURSES, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### COMPLAINT

1.  This action arises to remedy discrimination on the basis of a disability in the terms, conditions and privileges of employment pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101 ("ADA") and the laws of the State of Delaware.

2.  The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and 42 U.S.C. § 12117(a).

3.  Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

### PARTIES

4.  Plaintiff, Theresa C. Mulegwa, is a female citizen of the United States and currently resides at 107-3B Lawn Drive in Smyrna, Delaware 19977. Plaintiff is currently employed by Interim Healthcare as a Certified Nursing Assistant. Plaintiff has extensive experience and education in the health care field which started in 1992.

5.  Defendant, Perfect Care Nurses, Inc. is a Delaware health care service corporation that offers care from Certified Nursing Assistants, Licensed Practical Nurses,

1

Registered Nurses, as well as Companions.

6. At all times relevant hereto, Defendant, Perfect Care Nurses, Inc. has been an employer as defined in the ADA in that Defendant's operations effect commerce and Defendant has employed in excess of fifteen (15) persons.

7. Plaintiff suffers from depression and attention deficit hyperactivity disorder and is prescribed to take the drugs Adderall, Zoloft, and Abilify to treat her illness.

8. Defendant hires and employs Certified Nursing Assistants, Licensed Practical Nurses, Registered Nurses, as well as Companions.

9. Defendant is a Delaware Corporation whose registered agent for service of process is Real-Corp Services Inc., 3200 Concord Pike, P.O. Box 7329, Wilmington, DE 19803.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff applied for employment as a Certified Nursing Assistant on or about March 2003.

11. Plaintiff was required to take a mandatory drug test in order to obtain employment.

12. Plaintiff informed Defendant that she would fail any drug test as she is prescribed Adderall for her illness.

13. Plaintiff provided Defendant with a prescription for Adderall from Barry H. Goldstein, M.D. An example of the prescription is attached hereto as Exhibit A.

14. Defendant simply ignored this information and had Plaintiff undergo a drug test through urinalysis for illegal narcotics.

15. Subsequently, amphetamines were found in Plaintiff's system.

16. Defendant stated to Plaintiff unequivocally that as a result of not passing the

drug screening she was denied employment.

17. Persons erroneously regarded as engaging in illegal drug use are within the persons protected by the Americans with Disabilities Act.

18. Plaintiff's salary at Perfect Home Nurses would have been approximately $17.50.

19. Rather than being hired at Perfect Home Nurses, Plaintiff was forced to work at an Acme Supermarket for $7.25 an hour.

20. Subsequently, Plaintiff was hired at her current employment where she makes $14.00 an hour.

21. Upon Defendant's own statements, the drug test result was the sole factor in not hiring Plaintiff.

22. In fact, Defendant's employee stated "if you didn't have amphetamines in your system we would have hired you".

## DEPARTMENT OF LABOR/EEOC PROCEEDINGS

23. The original investigation by the Delaware Department of Labor resulted in a probable cause finding based on the evidence, which supported Plaintiff's allegations.

24. On or about October 17, 2005 the EEOC issued a Notice of Right to Sue Letter.

25. Plaintiff received a copy of the Notice of Right to Sue Letter on or around October 30, 2005.

26. A true and correct copy of the Notice of Right to Sue Letter is attached to the original Complaint as Exhibit B.

## COUNT I – DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT- DENIAL OF EMPLOYMENT

27. Paragraphs 1 through 26 are hereby realleged and incorporated herein by reference as if fully set forth herein.

28. Such acts as described above by Defendant, Perfect Care Nurses, Inc., its agents and employees, in denying Plaintiff employment, including the manager and administrator of the Defendant, constitute unlawful disability discrimination Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.

29. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff Theresa C. Mulegwa has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

## COUNT II- DISABILITY DISCRIMINATION- DENIAL OF REASONABLE ACCOMADATIONS

30. Paragraphs 1 through 29 are hereby realleged and incorporated herein by reference as if fully set forth herein.

31. Such acts as described above by Defendant, Perfect Care Nurses, Inc., its agents and employees, in denying Plaintiff reasonable accommodation including but not limited to including verifying Plaintiff's prescription, and in failing to engage in an interactive process, constitute unlawful disability discrimination against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.

32. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff Theresa C.

Mulegwa has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

### COUNT III- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Paragraphs 1 through 32 are hereby incorporated herein by reference as if fully set forth herein.

34. Defendant owed to Plaintiff a covenant of good faith and fair dealing concerning her potential employment with Defendant.

35. Defendant's policy behind their drug testing was to ensure prospective employees did not use illegal narcotics.

36. By not verifying Plaintiff's prescription, Defendant breached its implied covenant of good faith and fair dealing.

37. As a direct and proximate result of Defendant's breach, by and through its agents and employees, Plaintiff Theresa C. Mulegwa has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

### COUNT V- NEGLIGENT DRUG TESTING

38. Paragraphs 1 through 37 are hereby realleged and incorporated herein by reference as if fully set forth herein.

39. Defendants have a duty to perform their drug testing according to a standard of conduct.

40. As a direct and proximate result of Defendant's breach, by and through its

5

agents and employees, Plaintiff Theresa C. Mulegwa has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

### COUNT VI-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Paragraphs 1 through 40 are hereby realleged and incorporated herein by reference as if fully set forth herein.

42. Defendant's conduct in ignoring Plaintiff's prescription was reckless.

43. Since the Defendant knew of Plaintiff's prescription and still chose to not hire Plaintiff solely because of the drug test results, the harm caused was reasonably apparent but consciously ignored.

44. As a direct and proximate result of Defendant's reckless conduct, Plaintiff Theresa C. Mulegwa has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

### PUNITIVE DAMAGES

45. Defendant's actions as described above were done maliciously and/or with reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff, Theresa C. Mulegwa demands judgment in her favor against Defendant Perfect Care Nurses, Inc. for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, costs of this action, Attorney's fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper, including an injunction permanently restraining these violations of the Americans with Disabilities Act and a directive that Defendant take such affirmative action as are necessary to ensure that the effects of these unlawful employment practices are eliminated.

**YOUNG, MALMBERG & HOWARD, P.A.**

RONALD G. POLIQUIN, ESQUIRE
Del. I.D. No. 4447
30 The Green
Dover, DE 19901
302-672-5600
*Attorney for Plaintiff*

DATED: January 13, 2006